Onsby JOHNSON, Appellant,

v.

Faye (Brehm) JOHNSON, Appellee.

Faye (Brehm) JOHNSON,
Cross-Appellant,

v.

Onsby JOHNSON, Cross-Appellee.

Court of Appeals of Kentucky.

March 24, 1978.

James B. Todd, Pikeville, for appellant and cross-appellee.

Lawrence R. Webster, Pikeville, for appellee and cross-appellant.

Before HOGGE, PARK, and REYNOLDS, JJ.

HOGGE, Judge.

This is an appeal from a judgment and decree of divorce. The appellant herein challenges the propriety of the division of marital property and the award of maintenance. The appellee/cross-appellant also challenges the division of marital property and further says that it was error for the trial court to fail to award legal interest on the deferred payment of the appellee's portion of the marital property.

With respect to the division of marital property, the appellant contends that the division was neither "just nor reasonable." The appellant and appellee were married for nearly thirty years and, during that time, reared three children to adulthood. The trial court found total marital property amounting in value to $184,900, which included the appellant's partnership interest in a limestone business, and awarded to the appellee property and money totalling $52,-000. The appellee/cross-appellant takes the position that the marital property should have been divided equally between the parties.

KRS 403.190 vests in the trial court wide discretion in the division of marital property. The court is directed to consider "all relevant factors" including those enumerated within the statute. It is apparent from the court's findings and from the record, the court complied with this statute in its division of the marital property.

In view of the total award of marital property to the appellee, which was less than one-third of the total, we cannot agree with the appellant's contention that the court failed to consider appellant's property acquired before marriage and used in the purchase of the residence. From the evidence in the record as to contributions of the appellee in the acquisition of the marital property including that of homemaking, we cannot agree with the appellant that the court erred in its division and award of marital property to the appellee. This court may not disturb the findings of the trial court in a case involving dissolution of marriage unless those findings are clearly erroneous. *Adams v. Adams*, Ky., 412

S.W.2d 857 (1967). The court's findings are supported by substantial evidence and are not clearly erroneous. Accordingly, that portion of the decree and judgment relating to the division of marital property is hereby affirmed.

Next, the appellant contends that the appellee is not entitled to an award of maintenance. The decree awarded to the appellee maintenance in the amount of seventy-five dollars per month until she reaches the age of sixty-two years or remarries, whichever event should first occur. In making an award of maintenance the trial court is directed to first, determine whether the spouse seeking maintenance is capable of providing for his or her "reasonable needs" and, second, in determining an amount, to consider "all relevant factors."

In this case, the appellee is employed as a sales clerk with a monthly income of approximately $200 per month. There was testimony to the effect that her basic needs required monthly income amounting to approximately $450. At the same time, the appellant's income from his partnership interest in Johnson Brother's Limestone Company appears to be sufficient to negate the possibility that an award of maintenance in this amount would impose an undue burden upon him. Therefore, that portion of the decree wherein the court awarded maintenance to the appellee in the amount of seventy-five dollars ($75) per month is hereby affirmed.

The last issue raised in this appeal concerns the deferred payments by the appellant to the appellee for her interest in the partnership property. The trial court valued the appellant's partnership interest in Johnson Brother's Limestone Company at $158,000. In lieu of compelling an actual division of the partnership property, the trial court awarded to the appellant $24,000 payable at the rate of $150 per month until the balance is paid. It is the appellee/cross-appellant's position that the sum of $24,000 should bear interest from the date of judgment until paid. KRS 360.040 provides that a judgment shall bear legal interest from its date.

In *Clark v. Clark*, Ky., 487 S.W.2d 272 (1972), the trial court had allowed a husband to make deferred payments on the wife's share of joint-effort property after the marriage was dissolved. While the issue there was whether the interest would run on the payments from the date of the initial judgment of divorce or from the final judgment, the court did state that interest on the deferred payments should have been allowed from the date of the final judgment. *Young v. Young*, Ky., 479 S.W.2d 20, 22 (1972), states that "[t]he intent of the statute is that interest ordinarily should run from the date when each payment became due and payable . . ." We do not believe this suggests a contrary rule. That case involved interest running from the dates alimony and support payments became due. These sums were due and payable to the ex-wife and dependent children on the dates on which the individual payments were to be made; whereas, the value of a wife's share of a joint-effort estate exists at the time of final judgment. The amount is fixed and the entire amount is owed, even though payments on that sum are to be made later in an installment form, due to grace permitted by the trial court.

We hold that the trial court erred in ordering that all monthly payments were to bear interest at six (6) percent annum from the date due until paid, rather than ordering interest to run from the date of judgment.

The judgment is affirmed on the appeal and affirmed in part and reversed in part on the cross-appeal with directions to modify the judgment in accordance with this opinion.

All concur.