Dottie GIPSON, Appellant,

v.

Jimmy GIPSON, Appellee.

Court of Appeals of Kentucky.

Dec. 20, 1985.

Case Ordered Published Jan. 17, 1986.

Stephen L. Hixson, Bowling Green, for appellant.

David F. Broderick, David Anderson, Kenneth A. Meredith, II, Bowling Green, for appellee.

Before HAYES, C.J., and HOWARD and WHITE, JJ.

HOWARD, Judge.

Dottie Gipson (hereinafter "Dottie") appeals from a property settlement entered by the Warren Circuit Court with respect to herself and Jimmy Gipson (hereinafter "Jimmy"), her former husband.

The issues pressed before this Court by Dottie concern the time of payment of her interest in Jimmy's profit-sharing fund, and the classification of certain debts as marital.

Dottie and Jimmy Gipson were married in 1963. Over the course of their nineteen-year marriage, they raised three children and acquired a great deal of property. The Gipsons enjoyed a comfortable lifestyle. Jimmy was employed as an accountant with Houchens Industries. In addition to his salary, he received a substantial yearly bonus. The Gipson income was further supplemented at certain times by Jimmy's part-time bookkeeping services. In the years immediately preceding the separation, it appears that the Gipsons practiced deficit spending, in that they borrowed against Jimmy's anticipated yearly bonuses for some of their expenditures. After the separation, Jimmy and two of the children resided in the marital home; Dottie and the third child lived in an apartment. In order to meet the expenses of two households, Jimmy continued the practice of borrowing throughout the separation. These loans totalled approximately $23,000.00. It is worth noting at this point that during the separation Jimmy also purchased an expensive sports car and spent over $500.00 on flying lessons.

The judge determined that the debts incurred by Jimmy during the separation were marital, and divided them between the parties. Dottie argued that the loans were taken out solely to fund Jimmy's outside activities, and should be charged against him individually.

We first remind the parties that our task, as an appellate court, is to search the record for evidence that the judge's findings were clearly erroneous. If no such error exists, we are prevented from disturbing the lower court's findings. CR 52.-01; *Adams v. Adams*, Ky., 412 S.W.2d 857 (1967).

■ Our examination of the case law in Kentucky concerning marital debts has demonstrated to us that the litmus test to be applied is whether the debts were incurred for the benefit of both parties to the marriage. If debts were so incurred, they are marital. If they benefit only one spouse, they are nonmarital. *O'Neill v. O'Neill*, Ky.App., 600 S.W.2d 493 (1980), *Bruton v. Bruton*, Ky.App., 569 S.W.2d 182 (1978).

■ The record in this case contains evidence on both sides of this issue. Dottie's argument that Jimmy spent excessive amounts of money during the separation is, to an extent, well-taken. However, Jimmy did produce evidence that at least some of the funds borrowed supported Dottie and their daughter, as well as the Gipsons' other children, who were with Jimmy. We cannot say that the judge's decision regarding this issue was clearly erroneous. Hence, we will not disturb his conclusions.

■ At the time of separation, Jimmy owned a profit-sharing fund through his employer. The fund was then worth $99,-043.01, and was fully vested. It was totally employer-funded, and Jimmy could not legally reach it absent death, termination, resignation or retirement. In the property settlement agreement, the judge found that the "fund was not a divisible asset" at that time. He awarded Dottie her share as a future interest, coming due when Jimmy received the money. Dottie contends that Jimmy's portion of the marital estate was sufficient to satisfy her interest in the present, and that in deferring her share of

the fund, the judge violated the law as set down by the Supreme Court in *Combs v. Combs,* Ky.App., 622 S.W.2d 679 (1981). In *Combs,* the Court found that the trial court erred in not awarding the wife her future interest in a deferred compensation plan out of the husband's share of the marital residence. Jimmy, on the other hand, directs us to *Foster v. Foster,* Ky. App., 589 S.W.2d 223 (1979), where the Supreme Court deferred payment of an interest in a retirement fund. We note that in *Combs,* the Court acknowledged *Foster,* and pointed out that, in that case, there was no way of equitably or practically dividing the interest involved contemporaneous to the divorce. They cited *Light v. Light,* Ky.App., 599 S.W.2d 476 (1980), which admonishes us that, while the settlement should be finalized as much as possible at the time of divorce, each case must be considered on its own circumstances.

The circumstances of this case make it clear to us that, had the judge awarded Dottie approximately $49,000.00 representing her interest in the fund out of Jimmy's marital share, he would have very little left and might possibly be in debt. The judge evidently determined that this was inequitable, and we concur. We see no abuse of discretion on the judge's part in making Dottie's award prospective.

Having found that both issues raised by Dottie on appeal are without merit, we affirm the judgment of the trial court.

All concur.