**William Garnett COCHRAN, Appellant,**

v.

**Shirley Ann COCHRAN and Ephraim W. Helton, Appellees.**

No. 87–CA–394–MR.

Court of Appeals of Kentucky.

March 11, 1988.

William L. Stevens, Harrodsburg, for appellant.

Ephraim W. Helton, Danville, for appellees.

Before COMBS, LESTER and MILLER, JJ.

COMBS, Judge.

This appeal is from a judgment of the Boyle Circuit Court in which appellant seeks reversal of that court's award of maintenance and an attorney's fee to his former wife, appellee Shirley Cochran. Appellant also challenges the trial court's division of the marital property and its computation of interest he is to receive upon the deferred payment for the portion of the residence awarded to him.

The parties were married in 1965. Appellant filed for dissolution of the marriage in 1986. Two children were born of the marriage; one was emancipated during the trial of the action, and the other was a minor.

The parties accumulated marital assets consisting of the residence and seven acres, furniture and fixtures, three motor vehicles, about $40,000.00 in cash, appellant's stock option plan, savings and security plan, his company retirement, and a certificate of deposit. The approximate fair market value of the assets was $150,000.00. There was no marital debt.

Appellant is a telephone repairman. Appellee has two part-time jobs as a bookkeeper and florist.

Four hearings were held to decide issues of maintenance, custody, and support. Appellant sought to obtain a final decree which would resolve all issues except maintenance. The trial court entered an order fixing the time for discovery and scheduled a final hearing for all issues.

The trial court entered its final decree which divided the marital property, restored non-marital property, and awarded appellee $75.00 per week as maintenance. Appellant was ordered to pay appellee's attorney's fee in the amount of $1,500.00.

The court valued the marital residence at $75,000.00, and awarded each party one-half the value. The court allowed the appellant possession of the residence until the minor child attained the age of nineteen, and completed high school. When the child reached this point in his life the appellee was ordered to pay the appellant his one-half interest in the property plus 7% annual interest.

■ Appellant attacks the court's apportionment of the marital property, arguing that such was not divided in "just proportions" under the provisions of KRS 403.-190. *See also McGowan v. McGowan*, Ky. App., 663 S.W.2d 219 (1983). This court cannot disturb the findings of a trial court in a case involving dissolution of marriage unless those findings are clearly erroneous. *Johnson v. Johnson*, Ky.App., 564 S.W.2d

221 (1978). We have reviewed the record and the trial court's findings that deal with the property's division and we find no clear error. The property may very well have been divided or valued differently; however, how it actually was divided and valued was within the sound discretion of the trial court.

Appellant contends that the trial court did not allow him an opportunity to present evidence on the issue of maintenance. We disagree. The trial court allowed both parties to complete taking of proof within thirty days. Appellee did so, and appellant's failure to do so was not the court's error.

■ We affirm the trial court's finding pursuant to the maintenance statute, KRS 403.200—albeit not worded identically as the statute—that appellee has insufficient property to provide for her reasonable needs. However, we remand the issue of maintenance to the trial court for it to reconsider whether maintenance should be awarded after making a finding on the question of appellee's ability to support herself through appropriate employment under KRS 403.200(1)(b). The court failed to make this statutorily required finding. The court shall decide after hearing all relevant evidence whether the property of the appellee and her ability to support herself, taken together, properly call for an award of maintenance. We understand that appellee's ability to generate income is presently limited; however, we also know that she has not been burdened with the responsibility for payment of virtually any debts. Should the trial court then conclude that an award of maintenance is still appropriate, it shall reconsider the amount of maintenance according to KRS 403.200(2).

■ Appellant next complains that the trial court erred in failing to impose the legal rate of 12% annual interest upon the deferred payment for the portion of the residence awarded to him. We agree.

The legal rate of annual interest on a judgment in Kentucky is 12% as provided by KRS 360.040. The Kentucky Supreme Court has held that trial courts exceed the scope of KRS 360.040 in a dissolution proceeding when they impose less than that statute's rate of interest on deferred payments. *Ridge v. Ridge*, Ky., 572 S.W.2d 859 (1978). We therefore reverse that portion of the trial court's judgment and award appellant interest on his deferred payments of 12% annually.

We lastly consider appellant's contention that the trial court erred by ordering him to pay the appellee's attorney's fee of $1,500.00. KRS 403.220 allows trial courts the discretion to enter such orders "after considering the financial resources of both parties."

■ The court based its award of attorney's fee upon its finding that the appellant's income is substantially more than the appellee's, and upon appellant's "failure to be forthcoming" with information about a couple of his assets. The award based upon the latter could be made pursuant to a motion granted under CR 37. *See, e.g., Lampton v. Lampton*, Ky.App., 721 S.W. 2d 736 (1986). However, no such motion was made in the instant case, so an award based upon this reason is impermissible as contrary to the statute.

Since the trial court is to reconsider the award of maintenance to the appellee, it is untimely for us now to consider "the financial resources of both parties," and pass upon the award of the attorney's fee. That must also be reconsidered by the trial court upon remand. However, no consideration may be given to the question except under the statute cited above.

The judgment of the Boyle Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

All concur.