**Gaither GARRETT, Appellant,**

v.

**Margaret W. GARRETT, Appellee.**

**No. 87–CA–1886–MR.**

Court of Appeals of Kentucky.

March 17, 1989.

R. Michael Grant, Grant, Rose & Pumphrey, Winchester, for appellant.

John H. Keeton, Wagers and Keeton, P.S.C., Winchester, for appellee.

Before HOWARD, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

Gaither Garrett has appealed from the decree of dissolution entered by the Clark Circuit Court. Gaither and Margaret Garrett were married in 1965 and had one child who is now emancipated. The parties separated in 1979, and Gaither paid temporary child support of $350 monthly until the parties' child reached the age of 18 in 1984. In that year Margaret commenced this action for dissolution. By agreement of the parties, all issues were heard by the master commissioner of the Clark Circuit Court. Gaither filed objections to the commissioner's findings of fact, conclusions of law and recommendations which the trial court overruled. In this appeal Gaither alleged the trial court erred in the division of the marital estate and in the award of maintenance to Margaret.

Other than a few items of personalty with minimal value, the parties had two major assets to be divided: Gaither's pension fund and the marital residence. The parties stipulated that the pension had a present value of $66,427, and further stipulated that Gaither had a nonmarital interest in the pension of $26,411. The real estate has a fair market value of $59,500 and an indebtedness of $2,700. Again the parties stipulated that Gaither had a nonmarital interest in this property of $14,280. To summarize, the two assets had a value of $123,227: $82,536 belonging to the marital estate and $40,691 being Gaither's nonmarital property.

Gaither requested that the marital property be divided equally. He suggested the marital residence be sold and, after setting aside his nonmarital share, the remaining equity be divided in equal shares. He also requested that the pension be divided prospectively as in *Gipson v. Gipson*, Ky. App., 702 S.W.2d 54 (1985), with Margaret receiving 30% of each payment (that is, half of the marital portion) when he begins to receive the benefits.

Instead of an equal division, however, the commissioner's recommended dis-

position, which was ordered by the court, awarded Gaither his retirement plan, free and clear of any claim of Margaret, and awarded Margaret the real estate, free and clear of any claim of Gaither. Thus, of the $82,000 worth of property to be divided, Margaret received about $56,000, or 70%, and Gaither received $26,000, or 30%. Gaither complains not only about the lopsided division but also argues that the division is unjust because he, unlike Margaret, cannot liquidate his asset, and the pension has no death benefit, meaning he has nothing to leave his estate.

KRS 403.190 does not require an equal division of the marital estate but requires the court to divide the property in "just proportions." The trial court justified awarding the lion's share of the marital estate to Margaret for two reasons: (1) after the parties separated in 1979, Margaret continued to make the payments on the house, and (2) because the court found Margaret's economic circumstances "will be very difficult" even with the award of the house. While these findings are not clearly erroneous, they represent only a partial examination of the relevant factors outlined in the statute.

While it is true Margaret has worked at menial jobs to support herself since the parties' separation, she was able to make the house payments, in part because of Gaither's contribution of $350 a month to the household. Furthermore, Gaither's economic situation is every bit as bleak as Margaret's. Gaither is totally disabled and has a fixed monthly disability income of $981.58, which is inadequate to meet his own needs. The statute requires the court to look at the economic circumstances of *each* spouse upon dissolution, not just one. KRS 403.190(1)(d). If, in fact, Gaither had his $40,000 in nonmarital property in hand at the time of the dissolution, the 70%–30% division in favor of Margaret, who had no such assets, would not, in our opinion, constitute an abuse of the court's discretion.

However, both his $40,000 nonmarital property and his share of the marital property were awarded to him in the form of the pension fund which he will have no access to for many years. Thus, there is nothing in the evidence of record or in the court's findings to support the disparity in the division of the marital estate, and we conclude the division constitutes an abuse of discretion.

■ We further conclude that the trial court erred in awarding Gaither *all* his property in the form of an asset to which his rights and benefits are totally prospective. The circumstances of this case are such that there is no equitable or practical way to give Margaret her share of the pension now and the trial court should have made her interest in the fund prospective. *See Foster v. Foster,* Ky.App., 589 S.W.2d 223 (1979), and *Gipson v. Gipson, supra.*

■ Lastly, Gaither argues the award of maintenance was improper. The trial court did not explain in its findings how Gaither, who cannot work and who has a fixed income insufficient for his own needs, would be able to pay maintenance to Margaret. KRS 403.200(2)(f). As the court will, upon remand, be required to make a different disposition of the property, it should re-examine the issue of maintenance, considering the financial situation of each party and the evidence as it relates to all the factors in KRS 403.200(2)(a)-(f).

The judgment of the Clark Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.