**Robert E. MUIR, Appellant**

v.

**Ardell F. MUIR, Appellee.**

**No. 2012–CA–000853–MR.**

Court of Appeals of Kentucky.

July 26, 2013.

Bonita K. Baker, Louisville, KY, for Appellant.

Denise Brown, Louisville, KY, for Appellee.

Before CAPERTON, LAMBERT, and MAZE, Judges.

*OPINION*

LAMBERT, Judge:

Robert Muir appeals from the Jefferson Circuit Court's February 27, 2012, order awarding Ardell Muir certain marital property and denying him attorney's fees. Robert also argues that the trial court refused to acknowledge several stipulations entered into the record at the beginning of the trial. After careful review, we affirm the findings of fact, conclusions of law, and order of the trial court.

The parties were married on October 1, 1995, but have lived separately since February 1999. At the time of the marriage, Ardell was forty-three and Robert was fifty-six. Robert was on social security disability, and Ardell was working for the state government transportation office. At the beginning of the marriage, the couple lived at 4307 West Kentucky Street in Louisville, Jefferson County, Kentucky, a home that Robert had owned outright since 1986. The West Kentucky Street house was a small home built in 1928 and was assessed a value of $35,820.00 at the time of trial. Robert also owned an adjacent lot, which was assessed for $3,500.00.

On December 9, 1997, Cole Robert Shelton, Ardell's uncle, conveyed real property at 1008 Woodway Lane, Louisville, Kentucky, to both parties via a quitclaim deed. The deed stated that the value of the property conveyed was $30,000.00, and the consideration stated in the deed was "for good consideration and for the sum of $1.00 and a life time home for as long as he shall live."[1] Shortly after the Woodway property was deeded to both parties, Mr. Shelton suffered a stroke and was no longer able to care for himself. At that time, Ardell moved into the Woodway property to care for her uncle until he was moved to a nursing facility in June 1999. Testimony at trial by both parties indicated that Ardell was responsible for payment of all expenses associated with the property, including the payment of property taxes, homeowners insurance, maintenance, repairs, and improvements of approximately $26,960.00. It was undisputed that Robert did not make any financial contribution to the property either before or after the parties' separation. However, Robert indicated that he assisted with minor home maintenance and care-giving during Mr. Shelton's lifetime.

At trial, each party offered different versions regarding their contribution to Mr. Shelton's care and the dates during which they each lived at the Woodway property. The trial court ultimately found that after Mr. Shelton returned from the hospital following his stroke, Ardell moved from the West Kentucky residence to the Woodway property to care for him. Robert testified that he moved to the Woodway property about three weeks before Ardell. However, the trial court found "the parties agree that after moving to 1008 Woodway Lane in 1998, [Ardell] never returned to live with [Robert] at 4307 West Kentucky Street. The parties also agree that in February 1999, [Ardell] advised [Robert]

---

1. "He" refers to Mr. Shelton, Ardell's uncle.

that she did not want to be 'with him' any longer."

When Robert moved out of the Woodway property, he returned to his West Kentucky residence, where he lived at the time of the trial on August 25, 2011. Ardell continued to reside at the Woodway property, where she resided as of the date of the trial. The court-appointed appraiser valued the Woodway property at $50,000.00.

The parties' marriage was dissolved by decree entered on February 27, 2012. At the conclusion of the trial, the court held that the West Kentucky property was Robert's non-marital property and awarded it solely to him. The Woodway property was determined to be marital property and awarded to Ardell. Another lot in Floyd County, Indiana and shares in Muir Farm were determined to be Robert's non-marital property. Ardell's Kentucky Retirement and Deferred Compensation assets were divided in just proportions and Robert was granted a 50% interest in the marital portion of the assets that accrued during the forty-one month time period where the parties contributed to the support of one another. The trial court specifically made no findings as to the ownership of property belonging to Mr. Shelton and left that matter for the probate court to determine. The trial court denied mutual claims by the parties for attorney's fees. The court denied Robert's motion to amend the court's findings. This appeal now follows.

■■■ On appeal, Robert argues that the trial court abused its discretion in the assignment and division of the marital and non-marital property of the parties. Our standard of review regarding dissolution of marriage proceedings is straightforward. It has long been recognized that the reviewing court cannot disturb the findings of the trial court unless those findings are clearly erroneous. *Johnson v. Johnson*, 564 S.W.2d 221 (Ky.App.1978). How property is divided is well within the sound discretion of the trial court. *Id.* Without an abuse of discretion, the reviewing court should uphold the trial court's division of property. *Shively v. Shively*, 233 S.W.3d 738, 741 (Ky.App.2007). A family court has broad discretion with respect to testimony presented, and may choose to believe or disbelieve any part of it. It is also entitled to make its own decisions regarding the demeanor and truthfulness of witnesses, and a reviewing court is not permitted to substitute its judgment for that of the family court unless its findings are clearly erroneous. *Bailey v. Bailey*, 231 S.W.3d 793 (Ky.App.2007).

Robert first argues that the trial court erred in finding that Ardell had a marital interest in the Floyd County, Indiana property. However, the trial court's clear holding on this issue was that this property was the non-marital property of Robert. As such, the trial court did not award Ardell any interest in the property, and we are unsure of the basis of Robert's argument in this regard. We find no error in the trial court's determination that this property, deeded to Robert prior to the marriage in 1993, was his non-marital property.

Robert next argues that the trial court erred in finding that Ardell may claim a mutual interest in shares of stock in the Muir Farm, Inc. However, he then goes on to argue that the trial court properly denied Ardell's claim for such shares, so again, we are unsure what the basis is for his argument before this Court.

■■■ Next, Robert argues that the parties stipulated that Robert would be awarded a portable radio, and that the trial court erred when it refused to award the radio to him. The trial court conclud-

ed that this item was Mr. Shelton's, and as such, it would pass properly through the probate court. We agree with Ardell that since the radio belonged to Mr. Shelton, the parties would not be able to stipulate as to the disposition of the property that did not belong to either of them. This matter should be left to the probate court, as the trial court properly found. We find no abuse of discretion in this regard.

■ Robert also argues that the trial court's finding that Ardell waived her interest in the West Kentucky residence was clearly erroneous. The trial court's order states:

> During trial it was stipulated by both parties, on the record, that the real property located at 4307 and 4309 West Kentucky Street was the non-marital property of [Robert] and [Ardell] was making no claim to an interest in either parcel of real property. Therefore the Court will restore [Robert] to his non-marital interest in the real property located at 4307 and 4309 West Kentucky Street.

However, in a subsequent paragraph in its order, the trial court stated that Ardell waived any interest in the West Kentucky residence and awarded her the Woodway property. Robert argues that the trial court's contradiction was clearly erroneous. We agree with Robert that the trial court's findings in this regard are inconsistent; however, we find the inconsistency to be harmless error. A review of the trial court's order indicates that it definitively awarded Robert the West Kentucky property as his non-marital property, and accordingly, we perceive no harm in the trial court's subsequent statement that Ardell waived any interest in said property.

Robert then argues that the trial court did not make sufficient findings explaining its rationale as to why Ardell was awarded the Woodway property in its entirety as

her marital property. Robert also contends that the trial court failed to divide the marital property in just proportions pursuant to KRS 403.190(1), and specifically argues that the trial court should have awarded him $25,000.00 as his half of the Woodway property, which was valued at $50,000.00.

■ KRS 403.190, which governs the distribution of marital property, mandates that the trial court divide marital property in "just proportions." *Garrett v. Garrett*, 766 S.W.2d 634, 636 (Ky.App.1989). The statute lists the factors the trial court is required to consider in dividing marital property: each spouse's contribution to the acquisition of marital property; the value of the property set apart to each spouse; the duration of the marriage; and the economic circumstances of each spouse at the time of the division. The record indicates that the trial court properly considered the factors in KRS 403.190.

■ The testimony of the parties, including the documentation of the acquisition and value of the non-marital and marital assets, was extensive. Both parties were in agreement that February 1999 was the point at which they no longer contributed to the financial support of the other party, and there is no dispute as to the value of the assets at issue. The record indicates that the trial court considered the KRS 403.190 factors when it awarded the Woodway property to Ardell. The court allowed considerable testimony about the parties' care for Ardell's deceased uncle. Further, the trial court clearly considered that the parties really only lived as a married couple for approximately four years, during which Ardell worked and supported herself and Robert received disability. Robert had a home of his own and did not need the marital residence for living purposes. The trial court

also considered evidence that Ardell had paid for the improvements to the property and paid the property taxes on it throughout the marriage. Finally, the trial court considered the parties' economic circumstances at the end of the marriage.

*Stallings v. Stallings,* 606 S.W.2d 163 (Ky.1980), permits the family court to consider the joint efforts of the parties in determining the "just proportions" division. "Just proportions" does not mean that the property must be equally divided, but only that a consideration of the factors in KRS 403.190 has been made. The trial court's findings indicate that this consideration occurred. We find no error with the trial court's award of the Woodway property to Ardell as marital property.

Robert makes much of the fact that the trial court considered parol evidence to establish Mr. Shelton's intent when he deeded the Woodway property jointly to the parties. We find this argument to be without merit because Kentucky law clearly mandates that how title to property is held is not determinative as to whether the property in question is non-marital or marital. Rather, the trial court is required to consider the factors of KRS 403.190(1), as it properly held.

Robert next argues that Ardell failed to meet her burden of tracing the non-marital portion of her Kentucky Deferred Compensation retirement benefits and cites *Terwilliger v. Terwilliger,* 64 S.W.3d 816, 820 (Ky.2002), in support of this proposition. Robert's argument is totally without merit. The family court established that Ardell's retirement benefits

acquired during the marriage were marital property and divided them accordingly. Robert attempts to have this Court award him Ardell's retirement benefits acquired prior to the marriage and subsequent to the parties' separation because Ardell did not trace the benefits. Robert mistakes these benefits, which are easily definable as they accrue throughout a marriage, for marital property, such as gifts of property, money, etc., that require tracing if one party is claiming a non-marital interest. Robert's argument is completely without merit, and the trial court did not err in this regard.

Finally, Robert argues that the trial court abused its discretion by refusing to award attorney's fees based on the disparity of financial resources of the parties. KRS 403.220 allows the trial court the discretion to enter an award of attorney's fees for either party "after considering the financial resources of both parties." *Cochran v. Cochran,* 746 S.W.2d 568, 569 (Ky.App.1988). In this case, the trial court did not determine that an award was appropriate given the parties' financial resources. That finding was not clearly erroneous.

Discerning no reversible error or abuse of discretion, we affirm the February 27, 2012, order of the Jefferson Family Court.

ALL CONCUR.