RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0956-MR
AND
NO. 2023-CA-0137-MR

GRACE WILSON MARSHALL                                    APPELLANT

v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE TRACI H. BRISLIN, JUDGE
ACTION NO. 20-CI-02372

BENJAMIN RYAN CAUDILL                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Grace Wilson Marshall, *pro se*, appeals from two

orders of the Fayette Circuit Court. The orders revolve around the dissolution of

her marriage to Benjamin Ryan Caudill. Appellant argues that the trial court's

findings of fact, conclusions of law, and decree of dissolution of marriage is

erroneous in all respects and that the trial court erred when it allowed Appellee to unilaterally apply for and receive passports for the children.

## FACTS AND PROCEDURAL HISTORY

The parties were married in 2015 and have two minor children. The petition for dissolution in this case was filed on August 10, 2020, and a final dissolution hearing was held on June 27, 2022. Prior to the hearing, Appellant moved to be able to attend remotely as she was living in New Hampshire at the time. The trial court ordered Appellant, on multiple occasions, to appear in person for the final hearing. Appellant did not attend the hearing and was not represented by counsel.[1] An order was entered on July 15, 2022, which granted Appellee sole custody of the children, divided the marital property, and awarded Appellee attorney fees. Appellant appealed that order.

Then, on December 20, 2022, Appellee moved to be able to obtain passports for the children and travel outside of the country with them. On January 9, 2023, the trial court granted Appellee's motion. Appellant also appealed that order.

---

[1] Appellant's trial counsel moved to withdraw prior to the hearing and that motion was granted. This was Appellant's ninth trial counsel.

## ANALYSIS

As to the order of dissolution, we find no error. Appellant did not participate in the hearing and presented no evidence; therefore, Appellee's evidence went uncontradicted. The trial court's decisions regarding child custody, property division, and attorney fees were reasonable and based on substantial evidence. *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018); *Muir v. Muir*, 406 S.W.3d 31, 34 (Ky. App. 2013); and *Miller v. Harris*, 320 S.W.3d 138, 141 (Ky. App. 2010).

As to the order regarding the children's passports, we also find no error. As the sole custodian of the children, Appellee is permitted to apply for and receive passports for the children without the input or participation of Appellant. 22 C.F.R.[2] § 51.28(3)(ii)(D).

## CONCLUSION

Based on the foregoing, we find no error and affirm. Appellant did not participate in the dissolution hearing and provided no evidence in her favor. In addition, Appellee is the sole custodian of the children and can legally apply for their passports without Appellant's consent.

---

[2] Code of Federal Regulations.

ECKERLE, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.


BRIEFS FOR APPELLANT:

Grace Wilson Marshall, *pro se*
Durham, New Hampshire

BRIEFS FOR APPELLEE:

Valerie S. Kershaw
Lexington, Kentucky