RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0571-MR

RAYMOND EDWARD RHORER                         APPELLANT

v.
APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE RICHARD A. WOESTE, JUDGE
ACTION NO. 21-CI-00322

DIANA L. RHORER                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND LAMBERT, JUDGES.

ACREE, JUDGE: Appellant Raymond Rhorer (Husband) appeals the Campbell Family Court's April 19, 2022 Dissolution of Marriage Judgment and accompanying Findings of Fact and Conclusions of Law, arguing the court erred by awarding Appellee Diana Rhorer (Wife) equity in a house. Though the parties purchased the house during their marriage, Husband argues Wife disclaimed any interest in the property in 2008 by warranty deed. Finding no error, we affirm.

# BACKGROUND

Husband and Wife were married in 1982. They purchased a house in 1990. While both parties are named on the deed, only Wife is named on the mortgage. Husband and Wife separated in March 2007. Wife moved to Texas in 2008 but returned to Kentucky in 2019. Husband paid the mortgage from 2008 onward. Wife filed a petition for dissolution of marriage on April 22, 2021.

Husband argued before the family court, as he argues before us now, that Wife deeded her interest in the house to him by warranty deed executed in 2010. The deed is signed by Wife and is notarized, but the deed was never recorded.[1] Several fields on the deed were left blank, and the deed is not dated. Husband claims an attorney prepared the deed. Wife asserted before the family court, though it appears as if she signed the deed, she signed several documents when the parties previously contemplated divorce (though a marriage dissolution action was never filed until the case underlying this appeal) and, therefore, she did not realize what she had signed. Husband claims Wife agreed to deed her interest in the house to Husband in exchange for Wife being relieved of any obligation to pay child support for the parties' then-minor child.

---

[1] "A deed is a contract executed. Even if not recorded, it passes the title, as against the grantor, his heirs and devisees." *E.C. Artman Lumber Co. v. Bogard*, 230 S.W. 953, 956 (Ky. 1921). Because the issue is not who owns the property as between these parties, this rule is inapplicable.

The family court entered its decree of dissolution and corresponding findings of fact and conclusions of law on April 19, 2022. The court concluded Husband did not overcome the presumption that property acquired during the marriage is marital and awarded Wife $30,000 in equity in the house, an amount Wife testified was fair.

Husband now appeals *pro se*. He argues the 2010 warranty deed means Wife no longer has any marital interest in the house.

## ANALYSIS

Husband acknowledges he is not an attorney. It is also apparent that he made a good faith effort to comply with our appellate rules. Still, Husband's brief is deficient in a significant respect which bears mentioning: his arguments do not contain statements of preservation as required. Arguments in appellants' briefs "shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR[2] 76.12(4)(c)(v).[3] Statements of preservation are not optional.

The appellate courts have three options when a party fails comply with the appellate rules: "(1) to ignore the deficiency and proceed with the review;

---

[2] Kentucky Rules of Civil Procedure.

[3] The Kentucky Rules of Appellate Procedure (RAP) became effective January 1, 2023. Because Husband filed his brief on November 29, 2022, RAP 32's predecessor, CR 76.12, was still in effect.

(2) to strike the brief [of] its offending portions, CR 76.12(8)(a) [now RAP 10(B)(3)]; or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Indeed, "[t]he manifest injustice standard of review is reserved only for errors in appellate briefing related to the statement of preservation." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021).

We opt to proceed with the present appeal but to review for manifest injustice only; as in *Hallis*, "[o]ur decision to do so in this case, however, should not be taken as precedent." 328 S.W.3d at 698. Manifest injustice is found where there exists an error which threatens a party's entitlement to due process of law. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). "Manifest injustice is found if the error seriously affected 'the fairness, integrity, or public reputation of the proceeding.'" *McGuire v. Commonwealth*, 368 S.W.3d 100, 112 (Ky. 2012) (quoting *Martin*, 207 S.W.3d at 4).

Our review reveals no manifest injustice in the family court's division of marital property upon application of KRS[4] 403.190. The court correctly noted that all property acquired during the marriage is presumed to be marital. "All property acquired by either spouse after the marriage and before a decree of legal

---

[4] Kentucky Revised Statutes.

separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership[.]" KRS 403.190(3). "The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section." *Id.*

Husband argues KRS 403.190(2)(d) exempts the home from marital property.[5] This exemption provides that otherwise marital property which is "excluded by valid agreement of the parties" is nonmarital. KRS 403.190(2)(d). The party attempting to rebut the marital property presumption must do so upon clear and convincing evidence. *Barber v. Bradley*, 505 S.W.3d 749, 755 (Ky. 2016) (citing *Sexton v. Sexton*, 125 S.W.3d 258, 266 n.23 (Ky. 2004)). "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is a proof of a probative and substantial nature carrying the weight of evidence sufficient to convey ordinary prudent-minded people." *Rowland v. Holt*, 70 S.W.2d 5, 9 (Ky. 1934).

We agree with the family court that Husband did not demonstrate, as was his burden, the existence of an agreement between himself and Wife which

---

[5] Husband also argues that the cases the family court cited in its Findings of Fact and Conclusions of Law are inapplicable because those cases contain circumstances not present in Husband's case. Specifically, he argues *Sexton* does not apply because, unlike *Sexton*, nonmarital asset tracing and attorneys' fees are not at issue in his case. *See* 125 S.W.3d 258 at 266-73. He argues *Hunter v. Hunter* does not apply because there is no dispute in his case regarding a marital gift. *See* 127 S.W.3d 656, 658 (Ky. App. 2003). However, case law does not need to be perfectly on point for general legal principles stated therein to apply, and the family court did not err by availing itself of these cases.

would exempt the equity in the home from marital property. Husband argues the deed evinces such agreement; the deed plainly states Wife intended to "transfer and/or release any and all legal interest, title or claim that she may have in and to the within described real estate, including but not limited to her dower interest herein, by virtue of her signature hereinafter set forth."

"Kentucky law clearly mandates that how title to property is held is not determinative as to whether the property in question is non-marital or marital." *Muir v. Muir*, 406 S.W.3d 31, 36 (Ky. App. 2013). Husband argues in support of the validity of the deed, asserting all legal requirements for a valid deed have been met. But, even if the deed is valid and Husband holds sole title to the house, that would not, without more, negate Wife's marital interest in the home. The deed alone does not prove the parties intended to exclude the equity from marital property. And, though Husband claims that Wife agreed to execute the deed in exchange for Wife no longer being responsible for child support, Husband presented no evidence of this agreement. There is no manifest injustice in the family court's conclusion that because Husband did not furnish clear and convincing evidence supporting the existence of such agreement, Husband was not entitled to the KRS 403.190(2)(d) exemption.

Nor do we detect manifest injustice in the family court's calculation of Wife's equity. "The trial court has wide discretion in dividing marital property

and the division need not be equal, but only 'in just proportions.'" *Davis v. Davis*, 777 S.W.2d 230, 233 (Ky. 1989) (quoting KRS 403.190(1)). The manner by which the family court determined the amount owed to Wife was far from unjust. Though the parties were married until 2022, the family court calculated the amount based on the taxable value of the home in 2008 when the parties separated. The family court determined Wife's share in the house was $33,800 – the difference between the taxable amount of the house and the amount owed on the mortgage in 2008, divided in half. The family court discounted the amount owed to Wife even further by rounding the amount down to $30,000, which Wife testified was equitable. There is no manifest injustice in this result.

## **CONCLUSION**

For the foregoing reasons, we affirm the Campbell Family Court's April 19, 2022 Decree of Dissolution and its corresponding Findings of Fact and Conclusions of Law.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Raymond Edward Rhorer, *pro se*
Erlanger, Kentucky

BRIEF FOR APPELLEE:

Brenda L. Bonecutter
Newport, Kentucky