Nabil Nashed GHALI, Appellant,

v.

Linda Diane GHALI, Appellee.

Court of Appeals of Kentucky.

March 7, 1980.

Arnold S. Taylor, O'Hara, Ruberg, Osborne & Taylor, Covington, for appellant.

Harry P. Hellings, Jr., Jolly, Johnson, Blau & Parry, Newport, for appellee.

Before VANCE, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from that portion of a judgment entered May 8, 1979, which awarded the wife $150.00 per week child support for one child and two valuable rings.

The parties have been married twice, the first time being on January 19, 1975, which marriage was terminated by divorce on June 11, 1975. They were remarried on June 30, 1977, but separated on September 2, 1977. This dissolution proceeding was initiated by the wife and the case was referred to the Master Commissioner, who heard testimony and rendered findings, conclusions, and recommendations. The trial court rejected the Master's recommendation of $200.00 per week child support and reduced the amount to $150.00, but adopted the recommendation that two rings, valued at $800.00 and $4,000.00, be retained by the wife.

The appellant argues that the trial court committed reversible error in awarding the two rings and in granting $150.00 per week as child support.

This Court affirms the judgment of the trial court because the findings were not clearly erroneous and the award of child support is not an abuse of discretion.

 The trial judge was not clearly erroneous in finding that the two rings were gifts to the wife within the meaning of KRS 403.190. The statute provides that each spouse may be assigned personal property. Here, the evidence supports the determination that the rings were gifts.

We are not persuaded by the appellant's arguments as to the award of the rings. The authorities used by the appellant relate more to the former restoration statute and not to the current law. *Angel v. Angel,*

Ky.App., 562 S.W.2d 661 (1978) does not apply to this situation.

It is well settled that Civil Rule 52.01 applies to domestic matters and that the principles of that rule require reviewing courts to accept findings of a trial judge unless they are clearly erroneous.

 The award of child support does not represent an abuse of discretion by the trial judge. *Bradley v. Bradley,* Ky., 473 S.W.2d 117 (1971). The majority of the wife's expenses remain fixed, regardless of the number of people living in the household. Any benefit the wife's other child may receive is only incidental. The record indicates that the husband, a 43-year-old physician, has a net income of at least $830.00 per week. The support award is approximately 18% of his reported weekly income. We do not believe the award was excessive.

The judgment of the trial court is affirmed.

All concur.