**Richard P. O'NEILL, Appellant,**

v.

**Susan Snyder O'NEILL, Appellee.**

Court of Appeals of Kentucky.

June 6, 1980.

W. T. Ingerton, O'Shaughnessy & Ingerton, P.S.C., James Park, Jr., Stoll, Keenon & Park, Lexington, for appellant.

Harry B. Miller, Miller, Griffin & Marks, Lexington, for appellee.

Before HAYES, C. J., and HOGGE and LESTER, JJ.

HOGGE, Judge.

The marriage of Richard and Susan O'Neill has been dissolved. Dr. O'Neill appeals from a portion of the decree of the Fayette Circuit Court dividing the marital property which he and his former wife acquired during their marriage. Dr. O'Neill contends that the trial court erred by excluding from the marital property certain items which Mrs. O'Neill describes as gifts from Dr. O'Neill and by including his future

right to a deferred compensation account earned after their separation. He also asserts that the trial court failed to reduce the future right to its present value and to reduce the value of marital assets by the amount of marital debts.

Dr. O'Neill is an associate professor of medicine at the University of Kentucky. He is also involved in other professional work, such as acting as a hospital consultant and testifying in black lung cases. Mrs. O'Neill has a masters degree in library science and has worked occasionally during the marriage, usually part-time. At the time of dissolution, Dr. O'Neill was forty-eight years of age and Mrs. O'Neill was thirty-nine. Dr. O'Neill was given custody of the couple's three teenage sons and Mrs. O'Neill was given custody of their ten-year-old daughter.

█ The first issue in this case is whether the trial court erred by failing to consider as marital property certain jewelry and other items of personal property which Dr. O'Neill presented to Mrs. O'Neill on her birthday, at Christmas and other occasions. The items were purchased out of Dr. O'Neill's salary, and included a ring with an appraised value of $35,000.00 and other jewelry with an appraised value of $15,900.00. The circuit court held that these items were gifts to Mrs. O'Neill and should not be included in marital property.

This issue involves the interpretation of KRS 403.190, which excludes from marital property, items acquired by gift:

For the purpose of this chapter, "marital property" means all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift, bequest, devise, or descent . . .. KRS 403.-190(2).

Under this statute, we start with the premise that all property acquired by either spouse subsequent to marriage is marital property. Without reading the statute further, there is no doubt that the property transferred to Mrs. O'Neill was marital property as it was acquired by her subsequent to marriage. Then the statute excepts from marital property that which is acquired by "gift." The issue, at this point, is whether this property given to Mrs. O'Neill by Dr. O'Neill were "gifts" within the meaning of the statute as intended by the legislature.

In determining this issue, the court's decision would necessarily have to be based on the pertinent facts of each case. In each case, consideration should be given to the source of the money with which the "gift" was purchased, the intent of the donor at that time as to intended use of the property, status of the marriage relationship at the time of the transfer, and whether there was any valid agreement that the transferred property was to be excluded from the marital property.

In applying these considerations to the unique facts of this case, we find that the items were purchased by Dr. O'Neill out of his salary, which is certainly a marital asset. When the money was exchanged for the purchased items, the marital property merely assumed a different form; it retained its character as marital property. Mere change of possession of the property between spouses during the marital relationship and while the parties were living together would not affect their equities as granted by the statute. Only marital property was transferred.

Further, we note that Dr. O'Neill testified that the jewelry and certain other items were purchased as an investment. He hoped that the purchases would appreciate in value, and that they could be converted into cash in the event money was needed for the children's education. This is evidence of probative value that he intended that the transfer of possession of this property, would not divest him of this marital property and that, if necessary, the property could be reconverted into cash, at a future time, at an appreciated price, for a purpose of mutual benefit to the parties, the education of their children. Further, we find no evidence, at all, that there was any agreement that the property so transferred herein was to be excluded or be

treated as the separate property of Mrs. O'Neill. 403.190(2)(d). Under these circumstances, we hold that these transfers were not a gift within the meaning of the statute and that the trial court erred in so determining. To hold otherwise would completely ignore the contribution of Dr. O'Neill in the acquisition of the property a factor that must be considered under KRS Chapter 403.

We are mindful of the decision of this court in *Ghali v. Ghali*, Ky.App., 596 S.W.2d 31 (1980). However, the unique circumstances of this present case, viz., 1) the property in question was purchased with marital funds and possession transferred only in changed form, 2) property was intended as an investment for possible future use of mutual benefit to the parties, and 3) transfer was made during marriage and while parties were living together are factors which were not present in *Ghali, supra*. We have no trouble distinguishing these cases and find no conflict.

■ The next issue is whether the trial court erred in its handling of the deferred compensation account. Appellant's brief states that the parties separated in June, 1977 and that contributions to the deferred compensation account after that date should not be considered as part of the marital property. Appellant's reply brief acknowledges that the record shows two separations—one in June, 1977 and another in 1978. It is the date of final separation which is significant. *Culver v. Culver*, Ky. App., 572 S.W.2d 617 (1978). On the basis of the record before us, we cannot say that the trial court was clearly erroneous in determining that the parties' joint efforts did not cease until January, 1978. We hold that there was no error in including contributions to the deferred compensation account through January 1978 in the marital property. We also believe that there was no error in failing to reduce the future right to the deferred compensation account to the present value of that future right. Although calculating the account at face value would be error if only a future right to principal was involved, *Munday v. Mun-*

*day*, Ky.App., 584 S.W.2d 596 (1979), the record indicates that the account is drawing interest of 8½% per annum, a rate which may fluctuate. In view of the interest, the amount of the account is constantly growing. Thus, in the absence of evidence showing that the present value is less than that fixed by the trial court, we cannot say that the trial court was clearly erroneous in the monetary value assigned to the deferred income account.

■ The final issue before this court is whether the trial court erred by failing to reduce the value of the marital assets by the amount of marital debts. Appellant's brief by citation to the record, directs our attention to certain debts owed by the appellant. These include his income tax for the June and September 1978 quarters, school fees for the children, and three months apartment rental. The record supports the conclusion that these debts arose during the year 1978 after the January 1978 final separation. Appellant moved the court to grant him credit for the marital debts which he contracted during the marriage and after separation of the parties in February, 1978, through and including the date of dissolution of marriage. In this case the trial court properly determined that the joint activities of the parties ceased in January, 1978. Appellant's debts arising after January, 1978 were not marital debts, and thus the trial court did not err in failing to subtract them from the awards made. We further note that while there is a presumption in KRS 403.190 that all property acquired during marriage is marital, there is no similar presumption as to debts. We find no reversible error as to the circuit court's handling of appellant's debts.

The judgment of the circuit court is affirmed except insofar as it sets aside as gifts the property which Dr. O'Neill purchased for Mrs. O'Neill which we hold to be marital property. As to the "gifts", the judgment of the circuit court is reversed and remanded for further proceedings consistent with this opinion.

All concur.