Margaret J. CALLOWAY,
Appellant/Cross–
Appellee,

v.

Danny J. CALLOWAY, Appellee/Cross–
Appellant.

Nos. 90–CA–001244–MR (DIRECT),
90–CA–001350–MR (CROSS).

Court of Appeals of Kentucky.

June 12, 1992.

Phyllis K. Lonneman, Elizabethtown, for appellant/cross-appellee.

Paul Musselwhite, Radcliff, for appellee/cross-appellant.

Before GARDNER, HAYES and JOHNSON, JJ.

GARDNER, Judge.

Appellant, Margaret J. Calloway (Mrs. Calloway), appeals from a Hardin Circuit Court order granting a dissolution of marriage and division of property. Appellee, Danny J. Calloway (Mr. Calloway) has filed a cross-appeal.

Mr. and Mrs. Calloway were married in October, 1970. Three children were born of the marriage, two of whom are now emancipated. Mr. Calloway is employed as a welder, and Mrs. Calloway is a homemaker. Mrs. Calloway suffers from a progressive and debilitating disease which prevents her from working outside the home.

During the marriage, Mr. Calloway's parents gave the couple a parcel of real property valued at approximately $10,000 on which a marital home was built. Mrs. Calloway's mother also gave the couple a race car valued at approximately $7,000 which the family operated at various racing events for recreation.

In 1989, Mrs. Calloway filed a petition for dissolution of marriage in Hardin Circuit Court. The issues presented for determination included child custody, child support, visitation, maintenance, distribution of property, debts, attorneys fees, and costs. A domestic relations commissioner awarded Mrs. Calloway the marital residence, and awarded her mother the race car. The lower court, upon motion to amend, awarded Mr. Calloway a non-marital interest in the real property upon which the marital home was built, and awarded Mrs. Calloway the race car as non-marital property. The lower court also increased the value of the lot from $7,000 to $10,000, and awarded Mrs. Calloway maintenance as well as arrearage accrued under a prior temporary maintenance order. The remainder of the final order is not relevant for purposes of this appeal. Mrs. Calloway's mother, Edna Nelson, also filed an intervening petition seeking to protect any interest she may have in the race car.

▮ The first issue on appeal is whether the lower court properly awarded the race car to Mrs. Calloway as non-marital property. It is Mrs. Calloway's contention that the race car should have been awarded to her mother, who originally purchased the car for the parties. It is not readily apparent to this Court why Mrs. Calloway is seeking a result through the judicial process which she could accomplish by way of an inter vivos gift or a transfer for consideration. As it stands, Mrs. Calloway would be the sole owner of the race car and could simply give it or sell it to her mother if she so wished. Mr. Calloway contends that the lower court improperly classified the car as Mrs. Calloway's non-marital property, or in the alternative, failed to take into account the degree to which he added value to the car. After reviewing the facts and the law, we must conclude that the race car was a gift to both parties and, though incorrectly classified as non-marital property, was properly distributed by the lower court.

The Kentucky Legislature has established statutory guidelines by which the assets of a married couple are divided upon dissolution of marriage. KRS 403.190 provides in part that

(1) In a proceeding for dissolution of the marriage or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors....

. . . .

(2) For the purpose of this chapter, "marital property" means all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift, bequest, devise, or descent;

. . . .

Furthermore, all property acquired by either spouse after the marriage is presumed to be marital in the absence of a clear showing that it is not. KRS 403.190(3).

▮ In determining whether an item was a gift, consideration should be given to the factors which include the source of the money used to purchase the item, the intent of the purported donor, and the status of the marriage at the time of the transfer. *O'Neill v. O'Neill*, Ky.App., 600 S.W.2d 493 (1980). This determination must be based on the facts of each case. *Id.* A review of the facts of the instant case clearly indi-

cates not only that the race car was a gift, but that it was a gift to both Mr. and Mrs. Calloway. It is undisputed that Mrs. Calloway's mother paid for the car and gave it to the parties, without consideration, for their mutual use and enjoyment. Together the parties used and maintained it, and there is nothing in the record which indicates that it was anything but a gift.

■ A difficulty arises, however, in disposing of the race car in a manner consistent with KRS 403.190. On one hand, the car clearly was a gift, and gifts are to be classified and disposed of as non-marital property. KRS 403.190(1) and (2)(a). Non-marital property is to be assigned to the individual spouse which owns the property. *Id.* On the other hand, the race car was owned, maintained, and enjoyed by *both* spouses, and thus cannot be the exclusive non-marital property of either spouse individually. KRS 403.190 does not directly address the nature of a gift from a third party to both spouses, and surprisingly, no Kentucky appellate court has had occasion to address the question. R. Petrilli, *Kentucky Family Law,* < 24.8, at 300 (1988). Based on the Kentucky legislature's clear intent that jointly owned property acquired during the marriage be divided upon dissolution in just proportions, we now hold that gifts during marriage from third parties to both spouses shall be treated as marital property upon dissolution. This holding, we believe, is a natural outgrowth of KRS 403.190, and is consistent with both the Uniform Marriage & Divorce Act and the limited number of decisions in other jurisdictions which have addressed the issue. *Forsythe v. Forsythe,* 558 S.W.2d 675 (Mo. App.1977).

The lower court classified both the race car and the lot as non-marital property, and based the division accordingly. For the above-noted reasons, we believe this to be in error. The more proper approach, we believe, is to classify them as marital property because they clearly were gifts to both parties, and to undertake their division based on the factors outlined in KRS 403.-190(1)(a)–(d).[1] While this method may not alter the ultimate division of the property, we believe it necessary to maintain an approach which more closely comports with the clear intent of the legislature.

■ The next issue is whether the lower court erred in valuing at $10,000 the real property on which the marital residence was built. We find no error. It is axiomatic that the findings of fact of the lower court shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. CR 52.01. The record does not indicate that valuing the parcel at $10,000 was clearly erroneous, especially since that figure is within the range of estimates set forth in the testimony. The domestic relations commissioner originally valued the lot at $7,000. After reviewing the record and receiving testimony that similar lots in the area were valued at $10,000, the lower court chose not to adopt the commissioner's finding. This does not give rise to reversible error, because the trial judge is under no duty to accept the commissioner's findings of fact. CR 53.06(2); *Haley v. Haley,* Ky.App., 573 S.W.2d 354 (1978).

■ The final issue is whether the lower court erred in awarding to Mrs. Calloway maintenance and arrearage accrued under a prior temporary maintenance order. The lower court ordered Mr. Calloway to remit to Mrs. Calloway the sum of $120.00 per week as maintenance, plus $5,930.74 in arrearage. After reviewing the facts and the law, we do not find that this award was in error.

KRS 403.200 provides that

(1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following disso-

---

1. KRS 403.190(1) states that division of marital property shall be based on all relevant factors, including: (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker; (b) Value of the property set apart to each spouse; (c) Duration of the marriage; and (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

lution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(2) The maintenance order shall be in such amounts and for such time as the court deems just, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

▉▉▉▉ The awarding of maintenance under KRS 403.200 is a matter within the discretion of the trial court. *Clark v. Clark*, Ky.App., 782 S.W.2d 56 (1990). The record indicates that Mrs. Calloway does not have an advanced education, has been a homemaker for the duration of the eighteen-year marriage, and suffers from a degenerative disease which limits or precludes her ability to work outside the home. Though she will receive a portion of the marital assets, the lower court did not err in concluding that she is currently unable to provide for her reasonable needs and the needs of the couple's unemancipated minor. We will not disturb an award of maintenance unless it is clearly erroneous. *Platt v. Platt*, Ky.App., 728 S.W.2d 542 (1987); *Moss v. Moss*, Ky.App., 639 S.W.2d 370 (1982). Mr. Calloway further argues that the maintenance award should be reduced or eliminated because Mrs. Calloway may be eligible for approximately $300.00 per month in SSI disability benefits. We do not find this argument to be compelling. It appears that any SSI disability benefits payable to Mrs. Calloway would be reduced dollar for dollar against the maintenance award, effectively eliminating the benefits. Should Mrs. Calloway's ability to provide for her reasonable needs improve, KRS 403.250 and the civil rules provide for mechanisms by which the maintenance award can be reduced or eliminated. In any event, in the absence of clear abuse of discretion, we must maintain confidence in the decision of the trial court. *Clark* at 60.

▉▉▉▉ Finally, Mr. Calloway argues that arrearage arising out of a prior temporary maintenance order should have been modified retroactively by the lower court because the temporary award was excessive. Under normal circumstances, the review of a temporary maintenance order is interlocutory in nature and not reviewable. *Lebus v. Lebus*, Ky., 382 S.W.2d 873 (1964). In the instant case, however, the amount of the arrearage became reviewable when it was incorporated in the lower court's dissolution decree, which is final and reviewable. KRS 22A.020. We find nothing in the record, however, to indicate that the amount of the temporary maintenance arrearage as calculated by the lower court was inaccurate, or that the amount of the temporary award was unreasonable.

For the foregoing reasons, the opinion of the Hardin Circuit Court is affirmed as it relates to the value of the marital lot and the award of maintenance and arrearage, and reversed and remanded for a reevalua-

tion of the marital property in accordance with this opinion.

All concur.