RENDERED:  NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1328-MR

ABDISAMAD AHMED                                                        APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE DEANA C. MCDONALD, JUDGE
ACTION NO. 18-CI-502870

NADIFO DHALOW                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Abdisamad Ahmed ("Ahmed") appeals from orders of the

Jefferson Circuit Court, Family Division, setting his temporary and permanent

child support obligations.  After careful review, we affirm.

## BACKGROUND

Ahmed and Nadifo Dhalow ("Dhalow") were never married and are

the parents of three minor children.  This case was initiated when Dhalow

petitioned for sole custody of the children and subsequently requested temporary child support. On March 22, 2019, the family court ordered Ahmed to pay temporary child support in the amount of $1,666.17 per month. In setting temporary child support, the family court found Dhalow earned $1,408.00 per month based upon thirty-two hours of work per week at $11.00 per hour.[1] The court also found Dhalow incurred $400.00 per week in childcare expenses. Based upon Ahmed's 2018 1099,[2] the family court found his yearly gross income to be $73,230.95, or $6,103.00 per month.

Ahmed requested the family court set aside the temporary child support order on the basis that his full 2018 income tax return showing his business expenses was not available at the time the family court set temporary child support but was now available. The family court denied Ahmed's motion and later denied Ahmed's motion for reconsideration of the denial.

At the hearing on permanent child support, the family court heard testimony from both parties. First, Ahmed testified to being self-employed as a truck driver. He introduced his 2017 income tax returns showing his gross income was $125,151.00. He testified to having an adjusted gross income of $27,608.00

---

[1] The family court found Dhalow could not be imputed full-time income because, at the time, she was caring for a child under the age of three years old. Kentucky Revised Statutes (KRS) 403.212(2)(d).

[2] The family court incorrectly referred to Ahmed's 1099 as a W-2 in the March 22, 2019 order.

after deduction of his business expenses, as reflected on his tax return. He further testified to earning $115,725.00 in gross income in 2018 with an adjusted gross income of $18,419.00.[3] Ahmed broadly stated the expenses deducted from his gross income on his tax returns include maintenance costs for his truck, taxes, licensing fees, insurance costs, and tolls. He testified to licensing costs of $2,400.00 but did not specifically identify the cost of any other business expenses. Ahmed also testified to paying rent in the amount of $955.00 per month for Dhalow's apartment. He claimed to pay $150.00 per month for Dhalow's cable and asserted he gave her additional funds for the children's expenses.

On cross-examination, Ahmed admitted to reporting his income on an application to rent an apartment from Four Seasons Apartments in 2017. On the application, Ahmed listed his income as $100,000.00 per year with his current employer and $90,000.00 per year with his previous employer. When questioned about these amounts, he stated he took into account most of his business deductions when reporting his income on the application. Video Record ("V.R.") at 6/28/2019, 10:29:55-10:30:20.

Dhalow then testified to her income and childcare costs. She testified to earning $11.00 per hour and working sixty-one hours every two weeks during

---

[3] Ahmed did not introduce his 2018 income tax return at the hearing. The return was included as an exhibit to his motion to modify his temporary child support obligation. Record ("R.") at 74-92.

the school year and fifty-one hours every two weeks during the summer. She also introduced receipts and copies of checks showing she paid her mother $100.00 per week for childcare.[4] She also conceded Ahmed paid her rent every month but contested his claims of paying her cable bill and providing other financial assistance.

In its final order, the family court set Ahmed's permanent child support obligation at $1,168.50 per month in accordance with the child support guidelines. In reaching this amount, the family court found Dhalow earned $11.00 per hour and worked sixty-one hours every two weeks during the school year and fifty-one hours every two weeks during the summer. Because Dhalow was voluntarily underemployed, the family court imputed her income at the minimum wage to reach forty hours per week. To calculate her gross income for forty-two weeks, or the school year, the family court used $11.00 per hour for thirty-one hours and $7.25 per hour for nine hours. For ten weeks, or the summer, the family court used $11.00 per hour for twenty-five hours and $7.25 per hour for fifteen hours. Using these numbers, the family court found Dhalow's monthly gross income to be $1,741.69. The court also found Dhalow spent $100.00 per week on childcare.

---

[4] The parties stipulated to this amount.

The family court found Ahmed was self-employed. In determining his gross income, the court considered both Ahmed's tax documents and the Four Seasons Apartments application to which he testified. The family court found the apartment application to be the best evidence of Ahmed's income for purposes of calculating child support. R. at 96. The family court found "[w]hen considering [Ahmed's] gross income, deductions/exemptions for tax purposes, etc. the [c]ourt believes the amount represented by [Ahmed] as his income when attempting to acquire housing best reflects what he believes to be most representative of his true gross income." *Id*. Based upon these findings, the family court determined Ahmed's annual gross income to be $95,000.00, or $7,916.67 per month.

Both parties filed motions under CR[5] 59.05. In part, Dhalow requested the order be amended based upon a mathematical error in the family court's calculation. Ahmed requested he be granted a credit against his child support obligation in the amount of $955.00 per month for his payment of Dhalow's rent. The family court amended the prior order based upon the mathematical error identified by Dhalow, making Ahmed's monthly obligation $1,885.18. The court denied Ahmed's motion, finding he was "not entitled to a

---

[5] Kentucky Rules of Civil Procedure.

credit because he chose not to comply with the [o]rder entered by this [c]ourt." R. at 114. This appeal followed.

## STANDARD OF REVIEW

"[T]his state's domestic relations law is founded upon general statutory guidelines and presumptions within which the [family] court has considerable discretion." *Van Meter v. Smith*, 14 S.W.3d 569, 574 (Ky. App. 2000). "We review the establishment, modification, and enforcement of child support obligations for abuse of discretion." *Wilson v. Inglis*, 554 S.W.3d 377, 381 (Ky. App. 2018) (citation omitted). "Discretion is abused only when a [family] court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009) (citation omitted). We will disturb a family court's findings of fact only if they are clearly erroneous. *Wilhoit v. Wilhoit*, 521 S.W.2d 512, 513 (Ky. 1975).

## ANALYSIS

Before reaching the merits of Ahmed's appeal, we must first address a deficiency in his brief under CR 76.12. "Compliance with CR 76.12 is mandatory." *Smothers v. Baptist Hospital East*, 468 S.W.3d 878, 881-82 (Ky. App. 2015) (citing *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010)). Ahmed's brief does not contain "at the beginning of the argument a statement with

reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). "It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court." *Koester v. Koester*, 569 S.W.3d 412, 414 (Ky App. 2019) (citing *Skaggs v. Assad, By and Through Assad*, 712 S.W.2d 947, 950 (Ky. 1986)). "It is not the function or responsibility of this court to scour the record on appeal to ensure that an issue has been preserved." *Id.* at 415 (citing *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003)).

Where a party fails to abide by the rules, our options are: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)." *Hallis*, 328 S.W.3d at 696. Although this does not excuse briefing errors, we acknowledge Ahmed's appellate counsel did not represent him before the family court. We will ignore the deficiency and proceed with our review.

On appeal, Ahmed raises four arguments: (1) the family court erred by using incorrect amounts for Dhalow's childcare costs and gross income when calculating Ahmed's temporary child support obligation; (2) the family court erroneously refused to modify Ahmed's temporary obligation; (3) the family court abused its discretion in determining Ahmed's gross income when setting

-7-

permanent child support; and (4) the family court abused its discretion in determining Dhalow's gross income when setting permanent child support.

First, Ahmed argues the family court erroneously determined his temporary child support obligation in its March 22, 2019 order. Specifically, he argues the family court miscalculated Dhalow's income based upon her testimony. He contends if Dhalow worked thirty-two hours per week for $11.00 per hour, her monthly gross income would be $1,525.00, not $1,408.00. Furthermore, he argues the family court erroneously used $400.00 per week for Dhalow's childcare expenses, when she reported only $100.00 per week in childcare expenses.

Temporary orders regarding child support, like those regarding maintenance, are "interlocutory in nature and generally are not subject to appeal." *Atkisson v. Atkisson*, 298 S.W.3d 858, 864 (Ky. App. 2009) (citation omitted); *see also Lebus v. Lebus*, 382 S.W.2d 873 (Ky. 1964). Temporary orders are subject to review only to the extent they are incorporated into final orders. *Calloway v. Calloway*, 832 S.W.2d 890, 894 (Ky. App. 1992).

Herein, the family court did not incorporate its temporary order into its final order on child support. Although it does appear the family court miscalculated Dhalow's gross income and misstated her childcare expenses when determining Ahmed's temporary child support obligation, the family court redetermined the parties' gross incomes and childcare expenses when setting

permanent child support. Accordingly, we decline to address Ahmed's argument regarding the temporary order.

Second, Ahmed claims the family court erroneously refused to modify his temporary child support obligation when he provided his full 2018 income tax return with his motion to reconsider the temporary order. Again, because the family court's orders denying Ahmed's motion to reconsider the temporary order and motion to reconsider its denial of that motion are temporary themselves, they are interlocutory and not subject to review by this Court. *Atkisson*, 298 S.W.3d at 864. Therefore, we will not address this argument.

Next, Ahmed contends the family court abused its discretion in determining his gross income based on the Four Seasons Apartments application rather than his income tax return and disregarding his ordinary and necessary business expenses. At the outset of our analysis, we must address Ahmed's repeated contention that the family court's determination of his gross income from self-employment was a deviation from the child support guidelines. Where appropriate, a family court may deviate from the child support guidelines. KRS 403.211(2). However, the determination of a self-employed parent's gross income is not a deviation from the guidelines, but a separate statutory requirement under KRS 403.212(2)(c). Herein, the family court determined both parties' gross

incomes and then set Ahmed's monthly child support obligation in accordance with the guidelines under KRS 403.212(7).

> For income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, "gross income" means gross receipts minus ordinary and necessary expenses required for self-employment or business operation. Straight-line depreciation, using Internal Revenue Service (IRS) guidelines, shall be the only allowable method of calculating depreciation expense in determining gross income. Specifically excluded from ordinary and necessary expenses for purposes of this guideline shall be investment tax credits or any other business expenses inappropriate for determining gross income for purposes of calculating child support. Income and expenses from self-employment or operation of a business shall be carefully reviewed to determine an appropriate level of gross income available to the parent to satisfy a child support obligation. *In most cases, this amount will differ from a determination of business income for tax purposes.* Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business or personal use of business property or payments of expenses by a business, shall be counted as income if they are significant and reduce personal living expenses such as a company or business car, free housing, reimbursed meals, or club dues.

KRS 403.212(2)(c) (emphasis added). It is evident the legislature intended for calculation of gross income for child support purposes to be separate from reporting of profits and expenses for tax purposes. KRS 403.212(2)(c) demands closer scrutiny of a self-employed parent's income than simple acceptance of what is reflected on the parent's income tax returns. *Snow v Snow*, 24 S.W.3d 668, 672

(Ky. App. 2000). When a parent is self-employed, the burden is on the parent to prove his "ordinary and necessary business expense[s]." *Bootes v. Bootes*, 470 S.W.3d 351, 355 (Ky. App. 2015).

Herein, Ahmed submitted his income tax returns to the family court, but largely did not address his claimed business expenses. Instead, it appears Ahmed expected the court to accept his tax returns without explanation and grant him the total of deductions he claimed therein, which amounted to $97,543.00 in 2017 and $97,306 in 2018. Ahmed failed to meet his burden to prove his ordinary and necessary business expenses when he provided no documentation or receipts indicating what specific expenses he incurred and provided no explanation of how they were ordinary and necessary for his business. Furthermore, when questioned about the Four Seasons Apartments application, Ahmed admitted he reported his income therein taking into consideration his business expenses. "[J]udging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the [family] court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citation omitted). With little to no credible evidence of Ahmed's alleged business expenses upon which to rely, we cannot say the family court abused its discretion in relying on the apartment application to calculate his gross income.

Furthermore, Ahmed complains the family court made no findings as to how much of the expenses he claimed in his income tax returns were ordinary

and necessary. However, upon entry of the family court's final child support order, Ahmed did not raise these arguments relating to his gross income and business expenses in either his post-judgment motion for reconsideration or a motion for additional findings of fact under CR 52.02.

> It is fundamental that a party who asserts a claim must prove that claim to the satisfaction of the trier of fact, and on failure of the fact-finder to rule on the contention, the pleading party must seek a ruling from the [family] court by means of a request for additional findings of fact.

*Vinson v. Sorrell*, 136 S.W.3d 465, 471 (Ky. 2004). In the absence of a motion for additional findings of fact, "this Court must presume that the evidence presented at trial supports the [family] court's conclusions." *McKinney v. McKinney*, 257 S.W.3d 130, 134 (Ky. App. 2008) (citation omitted). Therefore, we decline to say the family court abused its discretion in determining Ahmed's gross income.

Finally, Ahmed argues the family court abused its discretion by imputing to Dhalow wages of $7.25 rather than $11.00 per hour and for failing to consider the $955.00 in monthly rent paid by Ahmed as income for Dhalow. Ahmed did not raise either of these arguments before the family court.[6] "It is well-settled that an appellate court is without authority to review issues not raised in or decided by the [family] court." *Masters v. Masters*, 415 S.W.3d 621, 625 (Ky.

---

[6] Although Ahmed addressed his payment of Dhalow's rent in his post-judgment motion for reconsideration of the final child support order, he requested a credit against his obligation rather than for it to be included as Dhalow's gross income.

2013) (internal quotation marks and citation omitted). Therefore, Ahmed's failure to raise these issues before the family court precludes him from seeking review by this Court.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the order of the Jefferson Circuit Court, Family Division.

CALDWELL, JUDGE, CONCURS.

LAMBERT, JUDGE, DISSENTS WITHOUT OPINION.

BRIEFS FOR APPELLANT:

Myrle L. Davis
Louisville, Kentucky

BRIEF FOR APPELLEE:

Allison S. Russell
Louisville, Kentucky

Rebecca M. Simms
Louisville, Kentucky