RENDERED: JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0811-MR

ROBERT SMITH                                                              APPELLANT

v.

APPEAL FROM ESTILL CIRCUIT COURT
HONORABLE MICHAEL DEAN, JUDGE
ACTION NO. 22-CI-00053

HEATHER SMITH                                                              APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: ACREE, EASTON, AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Robert Smith ("Robert") appeals the June 6, 2023 findings of fact, conclusions of law, and decree of dissolution of the Estill Circuit Court. We affirm, in part; reverse, in part; and remand.

Robert and Heather Smith ("Heather") were married in 2009. They separated in March 2022. Thereafter, Robert petitioned for dissolution of the marriage.

In 2018, Robert's mother passed away and, as beneficiary, he received funds from her retirement account. In 2019, Robert used $79,000 of the funds he inherited from his mother to purchase a home at 843 Red River Road in Irvine, Kentucky. The parties are both listed as owners on the property's deed. They lived there together with their two minor children until their separation.

The circuit court accepted the recommendations of the domestic relations commissioner ("DRC") and entered the decree of dissolution on June 6, 2023.[1] Therein, the court found the funds used to purchase the Red River Road home were Robert's nonmarital property. Record ("R.") at 190. The court then considered whether the home was a gift to Heather from Robert under the four factors listed in *Barber v. Bradley*, 505 S.W.3d 749, 755 (Ky. 2016) (citation omitted). The court found

> [t]he intent of [Robert] at the time of the purchase of the home was to provide his family a home to live in together. [Robert] included his wife's name on the deed. This alone is not determinative, but does suggest an intent to consider the home marital. . . . It would appear to the [c]ourt at the time of the purchase of the home, the couple was intent on remaining together as a family, rather than [Robert] buying the home with an eye on where he would live when the marriage ended. Finally, there is no agreement designating the property as either

---

[1] The DRC filed his report on March 23, 2023. Robert, *pro se*, timely filed exceptions to the recommendations contesting the court's award of the Red River Road home to Heather and the finding that he owns the Wooster Pike property. The circuit court affirmed the DRC's recommendations without amendment.

marital or non-marital.  There is only the deed which lists both [Robert] and [Heather] as owners.

R. at 191.

Despite finding the home was a gift to Heather, the court then classified it as marital property.  The circuit court awarded the home in its entirety to Heather.  The court also found Robert was the sole beneficiary of a trust established by his mother and that a property at 28 Wooster Pike in Milford, Ohio was Robert's non-marital property.

This appeal followed.

The classification of marital property is an issue of law.  *McVicker v. McVicker*, 461 S.W.3d 404, 416 (Ky. App. 2015) (citation omitted).  We review *de novo*.  *Id.*

On appeal, Robert argues (1) the circuit court erroneously classified the Red River Road home as marital property and a gift from Robert to Heather; and (2) the court mischaracterized his interests in his mother's trust, leading to inequitable division of marital assets.

In dissolution proceedings, the disposition of property is governed by KRS[2] 403.190.  The court must classify property as either marital or nonmarital.  *Barber*, 505 S.W.3d at 754 (citing KRS 403.190(1)).  A party's nonmarital

---

[2] Kentucky Revised Statutes.

property must first be restored to him or her. KRS 403.190(1). The court must then equitably divide the parties' marital property. *Id*.

Property acquired by either party after the marriage and before separation is presumed marital in nature. KRS 403.190(3). However, "[p]roperty acquired by gift, bequest, devise, or descent during the marriage and the income derived therefrom unless there are significant activities of either spouse which contributed to the increase in value of said property and the income earned therefrom" is excepted from marital property. KRS 403.190(2)(a). To rebut the "marital property presumption," a party must prove the property is nonmarital by clear and convincing evidence. *Barber*, 505 S.W.3d at 755 (citation omitted).

To classify property, Kentucky courts use the "source of funds" rule, which means "the character of the property, *i.e.*, whether it is marital, nonmarital, or both, is determined by the source of the funds used to acquire the property." *Sexton v. Sexton*, 125 S.W.3d 258, 265 (Ky. 2004) (footnotes omitted). Where the original nonmarital property is no longer owned by the party, he must trace it to a presently owned asset. *Id*. at 266 (footnote omitted). "Tracing" is "[t]he process of tracking property's ownership or characteristics from the time of its origin to the present." *Id*. (footnote omitted).

Here, the circuit court classified the Red River Road home as both marital property and a gift from Robert to Heather. When a party proves he

-4-

received property as a gift, it is his nonmarital property. KRS 403.190(2)(a). Property cannot simultaneously be categorized as both entirely marital and entirely nonmarital. *See* KRS 403.190(1).

Robert inherited funds from his mother's retirement account after her death, making them his nonmarital property. The record shows he then purchased the Red River Road home for $79,000 using only funds from his mother's retirement account. These uncontested facts clearly trace Robert's nonmarital funds to the home, making it his nonmarital property under KRS 403.190(2)(a).

Property may have both marital and nonmarital components. *Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001). Where an asset, such as a home, increases in value, the circuit court must consider evidence of why the increase occurred. *Id*. at 910 (footnote omitted). "[W]here the value of [nonmarital] property increases after marriage due to general economic conditions, such increase is not marital property, but the opposite is true when the increase in value is a result of the joint efforts of the parties." *Id*. (footnote omitted). Heather concedes the value of the Red River Road home has not increased since its purchase. Appellee's Brief at 8. Without evidence that Heather contributed to improvements which increased the value of the home, there is no marital component of the home to divide between the parties.

Furthermore, the record does not support the circuit court's conclusion that Robert gifted the home to Heather. To determine whether property is a gift, the following factors must be considered:

> (1) the source of the money with which the "gift" was purchased, (2) the intent of the donor at the time as to intended use of the property, (3) status of the marriage relationship at the time of the transfer, and (4) whether there was any valid agreement that the transferred property was to be excluded from the marital property.

*Barber*, 505 S.W.3d at 755 (internal quotation marks omitted) (citing *O'Neill v. O'Neill*, 600 S.W.2d 493, 495 (Ky. App. 1980)).

Here, the parties were married when the home was purchased, and they did not agree to exclude it from marital property. However, the source of the money was Robert's inheritance. He intended only for the property to be used as the parties' marital residence. There is no evidence he wished for Heather to retain the home as a gift in the event of a divorce. *See Fehr v. Fehr*, 284 S.W.3d 149, 158 (Ky. App. 2008) (finding it "telling" when a party testified he did not intend his contribution as a gift). To support its classification of the home as a gift, the court cites only to the deed which lists both parties as owners. This is not determinative of Robert's intent. *See Sexton*, 125 S.W.3d at 265 (footnote omitted). Therefore, Heather did not prove by clear and convincing evidence that Robert intended to gift her the home and the court's finding thereto was erroneous.

Finally, Robert claims the circuit court mischaracterized his interest in the Wooster Pike property which led to an inequitable division of marital property, including the award of the Red River Road home to Heather. While Robert may not own the Wooster Pike property, the circuit court correctly classified any interest therein as his nonmarital property. KRS 403.190(1). Because we have determined the Red River Road home is Robert's nonmarital property, we need not address the division of marital property.

Based on the foregoing, the decree of the Estill Circuit Court is affirmed as to the characterization of the Wooster Pike property as Robert's nonmarital property, reversed as to its classification of the Red River Road home as marital, and remanded for entry of an order amending the decree to assign the Red River Road home to Robert as his nonmarital property.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James O'Toole
Lexington, Kentucky

BRIEF FOR APPELLEE:

Heather Marie Smith, *pro se*
Irvine, Kentucky